When the plaintiff offered to prove that Wright again confessed judgment, I understand that that confession was intended to be evidenced by the same judgment which the justice proved to have been confessed before him on 12 October, 1821, in the county of Franklin. That judgment is no evidence *Page 275 
of a judgment confessed by Wright subsequently. When he offered the defendant as surety to stay it, if the date of the judgment had been altered to the day when surety (417) was offered for the stay, it would have been proper to receive it. But as the judgment stands, it purports to be a judgment confessed at one time, and cannot be evidence of a judgment confessed at another.
There are other reasons why it should not be so considered. There is no date fixing the time when the defendant became a surety; but there is a date to the judgment confessed. It would follow that the time for which the judgment was stayed would be made to commence in fact before the surety for the stay was given, and interest might be charged upon the judgment from the same time.
I think for these reasons the rule for a new trial should be discharged.